UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NUR MOHAMED NUR,<br>    Plaintiff,<br> v.<br><br>HELEN LAFAVE, et al.,<br>    Defendants. | CASE NO. C24-0666-KKE<br><br>SECOND ORDER TO PROVIDE PROOF OF SERVICE |

  Plaintiff filed this immigration case on May 14, 2024. Dkt. No. 1. On December 9, 2024, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute. Dkt. No. 3. On December 27, 2024, Plaintiff responded and requested the case remain open because the at-issue visa application had not been adjudicated. Dkt. No. 4. The Court then ordered Plaintiff to provide proof of service under Federal Rule of Civil Procedure 4. Dkt. No. 5. Plaintiff responded with a certified mail receipt evidencing delivery to Washington, D.C. Dkt. No. 6. Plaintiff has failed to provide proof of service under Federal Rule of Civil Procedure 4 for two reasons.

  First, under Rule 4(i)(1), Plaintiff had to provide proof of service on the United States Attorney for the Western District of Washington and the Attorney General of the United States. There is no such proof of service in the record.

  Second, under Rule 4(i)(2), Plaintiff had to serve the summons and complaint on the agency by registered or certified mail. Here, the relevant agency is the United States Department of State. Plaintiff's mailing receipts do not show what was sent, the recipient's address, or provide

SECOND ORDER TO PROVIDE PROOF OF SERVICE - 1

any proof of who accepted delivery. *See* Dkt. No. 6.

"[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). That said, the Court must extend the time period for service if good cause is shown for the defective service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Further, a court "must apply considerable leeway when assessing whether a *pro se* civil rights litigant['s] failure to comply strictly with time limits ... should be excused for good cause[.]" *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

The Court finds good cause to excuse Plaintiff's service errors. Plaintiff has been responsive to the Court's orders to show cause and has been diligently trying to proceed with the case. Accordingly, there is good cause to grant Plaintiff one more opportunity to complete service of the summons and complaint upon the United States Attorney for the Western District of Washington, the Attorney General of the United States, and the Department of State.

The Court therefore ORDERS Plaintiff to file proof of service consistent with the requirements of Federal Rule of Civil Procedure 4, or waiver, by no later than May 19, 2025. This proof of service should identify what documents were served, the method of service, the addresses of mailing or service, and dates of mailing or service. Plaintiff should review the Court's Pro Se Guide to Filing Your Lawsuit in Federal Court, Part Four available on the Western District of Washington website (wawd.uscourts.gov).

Dated this 23rd day of April, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge

SECOND ORDER TO PROVIDE PROOF OF SERVICE - 2